**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BIG HEART EL BEY<br>*formerly known as*<br>GARY LAFAYETTE WALLER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA *et al*.,<br><br>Defendants. | ) | Civil Action No. 26-01310 (UNA) |

**MEMORANDUM OPINION**

This action brought pro se is before the Court on review of Plaintiff's complaint and application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint pursuant to 28 U.S.C. § 1915A(b)(1).

A Virginia jury convicted Plaintiff of abduction, malicious wounding of a law enforcement officer, and use of a firearm in the commission of a felony. *Waller v. Commonwealth*, 2023 WL 7498228, at *1 (Va.App. Nov. 14, 2023). Plaintiff brings this action against the United States, Virginia, and Florida, alleging among other things that since March 2020 he "has been wrongful[ly] imprisoned, trafficked between facilities, and effectively disappeared within the carceral system . . . . without lawful jurisdiction[.]" Compl., ECF No. 1 at 5 ¶ 7. Plaintiff is not asking this Court "to retry the harm inflicted . . . by the Defendants but rather to acknowledge" (1) that he "has been denied access to any competent and impartial forum," (2) that "treaty law, Indigenous jurisdiction, and the natural rights of a living being have been ignored or suppressed," and (3) that "relief can . . . be granted in equity, consistent with international humanitarian law and the inherent rights recognized by the Creator, the U.S. Constitution, and global human rights

standards." *Id*. at 1-2. In addition to declaratory relief, Plaintiff seeks his "immediate release from wrongful imprisonment." *Id*. at 12.

The "availability of declaratory relief presupposes the existence of a judicially remediable right." *Lovitky v. Trump*, 949 F.3d 753, 758 (D.C. Cir. 2020) (cleaned up). When a successful challenge to a criminal conviction would necessarily imply the invalidity of a conviction or sentence, the affected party cannot pursue a civil action without first invalidating the conviction or sentence through an authorized proceeding. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (clarifying *Heck's* application to lawsuits for equitable relief).

Recall that Plaintiff seeks a declaration to invalidate the criminal court's jurisdiction, which "goes to the foundation of [that] court's power to resolve" the criminal matter. *Doe by Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996); *see Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause.") (collecting cases)). He has not alleged, much less shown, that his convictions have been invalidated by (1) reversal on direct appeal, (2) expungement by executive order, (3) an authorized state tribunal, or (4) a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487. Because Plaintiff's claims are "not cognizable unless and until he meets the requirements of *Heck*," *Harris*, 611 F. App'x 1 at 2, this case will be dismissed by separate order.

2026.10.07 14:16:57 -04'00'

TREVOR N. McFADDEN
United States District Judge

Date: October 7, 2026